IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABDU AHMMAD, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:13-CV-5019-N-BH |
| | § | |
| WELLS FARGO BANK, NA, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management. Before the Court for recommendation is *Wells Fargo Bank, N.A.'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can be Granted and, Subject Thereto, Application to Compel Arbitration, Plea in Abatement and Motion to Stay Suit Pending Arbitration*, filed February 19, 2014. (doc. 8.) Based on the relevant filings and applicable law, the motion to dismiss for lack of subject-matter jurisdiction should be **GRANTED**, and the remaining motions should be **DENIED as moot**.

## I. BACKGROUND

On December 27, 2013, Abdu Ahmmad (Plaintiff) sued Wells Fargo Bank, N.A. (Defendant) for its alleged failure to honor a check written by him. (doc. 3.) On or about January 26, 2012, Plaintiff attempted to pay his 2012 homeowner association dues via a Wachovia Bank, N.A. (Wachovia) check numbered 1066 and made payable to the order of "HOA of Creekvalley of Garland, Inc." (the HOA) in the amount of $300.00. (*Id*. at 5, 10.) He contends that his checking account with Defendant had sufficient funds at the time the check was processed. (*Id*. at 1.) However, his check was "rejected twice which caused [his] Homeowners Association dues to be rejected." (*Id*.) On February 9, 2012, the check was returned to the HOA's bank after HOA presented the check to Defendant; Defendant had acquired Wachovia, but could not locate the

account associated with the check. (*Id*. at 4, 12.) The HOA presented the check a second time to Defendant on April 9, 2012, but it was again returned for the same reason. (*Id*. at 12.)

On January 27, 2013, Defendant sent Plaintiff a letter at his request confirming that the check did not post to his account on February 28, 2012. (*Id*. at 8.) Via letter dated January 30, 2013, the HOA informed Plaintiff that his check had been returned by Defendant twice, but the HOA board of directors agreed to waive the late fees and returned check fees. (*Id*. at 12.) The HOA also agreed to consider waiving $90 in collection fees if Plaintiff, in the next thirty days, could provide it with a statement from Defendant that the check was not presented to Defendant, that Defendant had not returned the check, or that it was not Defendant who was unable to locate Plaintiff's account to process the check. (*Id*.) Finally, the HOA encouraged Plaintiff to send a check in the amount of $390 within 30 days to avoid additional fees. (*Id*.) On May 4, 2013, Defendant sent Plaintiff a letter informing him that check #1066 in the amount of $300 had been returned in error, and the return would not reflect negatively on his account. (*Id*. at 6.) Defendant also enclosed a letter to the HOA informing it of the error, and it asked that Defendant forward that letter to the HOA. (*Id*. at 6-7.) By letter dated June 25, 2013, the HOA's attorney informed Plaintiff that his homeowner's association account had been assessed collection costs for failure to pay certain assessments levied to his account. (*Id*. at 19.) The total amount of costs assessed to his account, including attorneys' fees, was $897.76 as of June 25, 2013. (*Id*.)

Plaintiff contends that he went to two of Defendant's service centers to inquire about the "case." (doc. 1-1 at 10.) The branch manager at the first service center allegedly printed out a letter "revealing what the managing company claimed was not true." (*Id*.) The branch manager at the second service center informed him that "he could not check what occurred beyond 90 days". (*Id*.)

2

Plaintiff contends that as a result of the HOA retaining an attorney against him, his "property, time, and work" are in jeopardy. (*Id*.)  He also contends that his credit has been jeopardized. (*Id*. at 1.) Plaintiff seeks "attorney fees" and damages in the amount of $1,500,000. (*Id*. at 1; doc. 5.)

On February 19, 2014, Defendant moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction and/or failure to state a claim upon which relief can be granted.  Subject to the motions to dismiss, Defendant moved to compel arbitration and to stay this action pending arbitration. (doc. 8.)  With a timely filed response (doc. 12) and a timely filed reply (doc. 13), the motions are now ripe for consideration.

## II.  RULE 12(b)(1) MOTION TO DISMISS[1]

Defendant moves to dismiss the complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction. (doc. 8.)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Such a motion "may be raised by a party, or by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).  The Court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  The dismissal "is not a determination of the merits," however, and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

[1] When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)).  This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

**A.      Legal Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* When evidence is presented with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413. In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendant relies solely on Plaintiff's complaint to support its 12(b)(1) motion to

4

dismiss.² The motion presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

**B.   Diversity Jurisdiction**

Defendant argues that diversity jurisdiction in this case does not exist because the amount in controversy does not exceed $75,000, exclusive of interest and costs. (doc. 8 at 3.) It maintains that the face amount of the check was only $300, and therefore it appears to a legal certainty that the claim is less than the jurisdictional amount. (*Id*.) It contends that Plaintiff has alleged no facts showing that the amount in controversy exceeds $75,000, exclusive of interest and costs, and he cannot do so. (*Id*.)

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Courts may look beyond a plaintiff's allegations when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). In fact, a court "would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). Dismissal of an alleged diversity action for lack of jurisdiction is proper when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Horton*, 367 U.S. at 353 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). Of course, when determining the amount in controversy, the courts may apply common sense to the

---

²Defendant does attach evidence to its *Motion to Dismiss for Lack of Subject-Matter Jurisdiction and/or for Failure to State a Claim Upon Which Relief Can be Granted and, Subject Thereto, Application to Compel Arbitration, Plea in Abatement and Motion to Stay Suit Pending Arbitration*. However, it does not rely on the evidence in support of its Rule 12(b)(1) motion to dismiss. (*See* doc. 8 at 3.)

5

allegations. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Courts may also refer to the types of claims alleged by the plaintiff and the nature of the damages sought. *See id.* Further, bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction.*" St. Paul Reinsurance Vo., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)(alterations in original). As the party seeking to invoke jurisdiction, the plaintiff bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. LouCon, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Here, Plaintiff seeks "attorney['s] fees [and] damages." (doc 3 at 1.) His complaint fails to allege a specific dollar figure for his alleged attorney's fees and damages, but he did file a handwritten document contending that he seeks total damages of what appears to be $1,500,000. (*See* doc. 5.) Although Plaintiff requests damages well in excess of the jurisdictional amount required for diversity jurisdiction, the claimed damages appear very disproportionate to the allegations giving rise to this action. He states only that the HOA failed to honor a $300 check, and he provides a letter from the HOA's attorney stating that the total collection costs for the past due association dues was $897.76 as of June 25, 2013, about 6 months before Plaintiff filed suit. (*See* doc. 3 at 1, 19.) Although Plaintiff contends that both his credit and his house have been "jeopardized," he does not allege that the HOA has pursued any action that has affected his credit or that it has pursued any action against his home. He also fails to allege any facts to support damages for the "time" or "work" he alleges are "in jeopardy." Moreover, he is proceeding *pro se,* so he has not incurred any compensable attorney's fees. *See Danial v. Daniels*, 162 Fed. App'x. 288, 291 (5th Cir. 2006)("Attorney's fees are not available to a non-attorney *pro se* litigant.")(citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990)).

6

Nothing in Plaintiff's complaint or the attachments to his complaint establish facts showing the amount in controversy exceeds the $75,000 jurisdictional amount or provide a good faith basis for a recovery of $75,000. *See Washington v. Orchard Bank*, No. 3:10-cv-1137, 2010 WL 4923524, at *2 (N.D.Tex. Oct. 18, 2010), *report and recommendation adopted*, 2010 WL 4923923 (N.D.Tex. Nov. 29, 2010)(dismissing complaint for lack of diversity jurisdiction where plaintiff failed to provide facts to support his amount in controversy claim); *Hernigle v. Alon Corp.*, No. 3:08-cv-02085, 2009 WL 362308, at *2-3 (N.D.Tex. Feb. 13, 2009)(dismissing complaint for lack of subject-matter jurisdiction where plaintiff failed to provide any good faith basis for a recovery at or above the jurisdictional amount). Plaintiff has failed to meet his burden of establishing subject- matter jurisdiction.[3] Defendant's motion to dismiss for lack of subject-matter jurisdiction should therefore be granted.[4]

### III.  RECOMMENDATION

Defendant's 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction should be **GRANTED**, its remaining motions should be **DENIED as moot**, and all of Plaintiff's claims against Defendant should be dismissed without prejudice for lack of subject-matter jurisdiction.

---

[3] Plaintiff has not specifically pleaded the alleged jurisdictional basis for this action. He does not appear to have alleged any federal claims, and he indicated that he is a citizen of Texas on his civil cover sheet in the space provided for diversity cases only. (*See* doc. 3 at 22.) To the extent he intended to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See Aetna Health Inc. v. Davila*, 542 U.S.200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S.386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318(1987). A federal question is presented when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). Plaintiff's complaint does not establish that federal law creates any cause of action of which he seeks, or that his right to relief depends on resolution of a substantial question of federal law.

[4] Because Defendant's motion to dismiss for lack of subject-matter jurisdiction should be granted, the remaining motions should be **DENIED as moot**.

7

**SIGNED on this 21st day of August, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE